UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MICHELLE D. SMITH-HARVEY, )
)
Plaintiff, )
)
vs. ) No. 1:13-cv-00829-SEB-TAB
)
CAROLYN W. COLVIN Acting )
Commissioner of the Social Security )
Administration, )
)
Defendant. )

**REPORT AND RECOMMENDATION ON PLAINTIFF'S EAJA FEES**

Before the Court pends Plaintiff's petition for fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. Plaintiff seeks an enhanced hourly rate of $186.03 per hour for her attorney's billable hours. The Commissioner objects, arguing that Plaintiff fails to justify a departure from the $125 statutory cap and that 2.5 hours of Plaintiff's billable hours should not be awarded. For the reasons set forth below, the Magistrate Judge recommends Plaintiff's petition for EAJA fees [Filing No. 35[1]] be granted in part and denied in part.

Under EAJA, the Court shall award to a prevailing party fees and expenses in addition to any costs awarded. 28 U.S.C. § 2412(d)(1). The parties do not dispute that Plaintiff prevailed in her Social Security appeal and is entitled to EAJA fees. However, the Commissioner argues that Plaintiff's request to depart from the $125 statutory cap is inappropriate. Plaintiff requests an enhanced hourly rate of $186.03 per hour based on the Consumer Price Index for 2013 and 2014.

---

[1] The Court stayed Plaintiff's original application for EAJA fees. [Filing No. 32.] Plaintiff's subsequent EAJA fee application incorporates the information from Plaintiff's original motion. [*See* Filing No. 35.] The undersigned recommends the Court's stay on Plaintiff's original EAJA fee application [Filing No. 29] be lifted and the motion be denied as moot.

1

The Commissioner contends that Plaintiff erroneously relies on the CPI. Under *Mathews-Sheets v. Astrue,* 653 F.3d 560 (7th Cir. 2011), evidence of the CPI is not enough to award a higher hourly rate. Plaintiff must provide evidence on how inflation in 2013 and 2014 affected her counsel's cost of providing legal services in order to justify any increase from the statutory cap.

The Seventh Circuit recently overruled *Mathews-Sheets'* standard for awarding EAJA fees. In *Sprinkle v. Colvin,* --- F.3d ----, 2015 WL 301182 (7th Cir. Jan. 23, 2015), Judge Williams opined that *Mathews-Sheets'* standard for awarding an enhanced EAJA fee was too demanding. While EAJA fees are not meant to be automatic, *Sprinkle* found that EAJA claimants need not prove inflation's effect on their attorneys' costs to justify a higher fee. To be sure, *Sprinkle* concluded "[t]he government's general measure of inflation (the CPI), which embodies considerable expertise and effort, is both more practical and more meaningful than a measure of the cost of providing legal services in one particular law office." *Sprinkle,* 2015 WL 301182, at *4. Nevertheless, *Sprinkle* requires "claimants [to] produce evidence that the rate they request is in line with those prevailing in the community for similar services by lawyers of comparable skill and experience." *Id.* at *7.

Plaintiff submits six cases from this Court where EAJA claimants received comparable enhanced rates for Social Security appeals. This Court has awarded fees ranging from $168.87 per hour, *Chambers v. Astrue*, No. 1:10-cv-01239-TWP, 2013 WL 2149701 (S.D. Ind. May 16, 2013), to $181.17 per hour, *Cash v. Colvin*, No. 4:11-cv-00105-TWP-WGH, 2013 WL 5503693 (S.D. Ind. Oct. 1, 2013). Although the Commissioner argues that Plaintiff must show inflation's effect on her attorney's law practice to receive an enhanced rate, *Sprinkle* (decided shortly after the Commissioner filed her brief) requires no such evidence. Plaintiff submitted her attorney's billable hours along with the CPI for 2013 and 2014 and rates for similar services by lawyers of

comparable skill and experience.² In light of *Sprinkle,* the Magistrate Judge finds Plaintiff's affidavit sufficient to justify a rate of $186.03 per hour.

The Commissioner also argues that Plaintiff's billable hours should be reduced from 32.5 hours to 30 hours to account for Plaintiff's premature fee application. A party seeking an EAJA fee award must file an application for fees within thirty days of the final judgment in the action. 28 U.S.C. § 2412(d)(2). Plaintiff filed her EAJA fee application while the undersigned's report and recommendation was still pending with an objection from the Commissioner. [*See* Filing No. 29.] There was no final judgment at the time Plaintiff filed her original fee application, and Plaintiff asserts no facts to the contrary. The 2.5 hours Plaintiff spent preparing and filing this premature fee application falls outside the scope of the statute. 28 U.S.C. § 2412(d)(2) (noting that a plaintiff may only submit an EAJA application after the Court enters final judgment). Thus, Plaintiff's 32.5 billable hours should be reduced by 2.5 hours for a total of 30 hours.

For these reasons, the Magistrate Judge recommends Plaintiff's application for fees [Filing No. 35] be granted in part and denied in part. The Magistrate Judge finds Plaintiff's counsel is entitled to an enhanced rate of $186.03 per hour for thirty hours of work performed in 2013 and 2014. Accordingly, the Magistrate Judge recommends Plaintiff's counsel be awarded $5,580.90. Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within

---

² *Sprinkle* requires the EAJA claimant to show evidence of attorneys with similar skill receiving a comparable enhanced hourly rate. Plaintiff cites to other EAJA cases with no explanation as to whether the attorneys in these cases are of comparable skill and experience. Given the undersigned's familiarity with Plaintiff's counsel, the undersigned finds $186.03 per hour to be reasonable and comparable to other attorneys who, like Plaintiff's counsel, handle a high volume of Social Security appeals. However, in future EAJA fee applications, Plaintiff's counsel should explain how the submitted evidence supports a finding that attorneys with comparable skill and experience would have a similar enhanced hourly rate.

3

fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

Date: 2/3/2015

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Patrick Harold Mulvany
patrick@mulvanylaw.com

Javitt Adili
SOCIAL SECURITY ADMINISTRATION
javitt.adili@ssa.gov

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov